An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

HAILELASSIE GODIFAY,
Appellant,
vs.
MERAF ASGEDOM,
Respondent.

No. 64289

**FILED**

DEC 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order finally establishing child custody and support in a divorce proceeding. Eighth Judicial District Court, Family Court Division, Clark County; Kenneth E. Pollock, Judge.

After a full evidentiary hearing, the district court awarded respondent primary physical custody of the parties' three minor children, in part because appellant's work schedule would keep him out of the home during the times the children were home from school. Appellant requested reconsideration arguing that his adult child who resided with him would care for the children while he was working, but the district court denied his request. This appeal followed.

Having considered the record on appeal and the parties' briefs and oral arguments, we conclude that the district court abused its discretion in awarding respondent primary physical custody of the children. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion). While the district court considered most of the best interest of the children factors outlined in NRS 125.480(4) (2009), the court also relied on appellant's work schedule when deciding that

15-40105

respondent should be the parent with primary physical custody. There was no evidence offered that appellant's work schedule would affect the children's well-being or that appellant did not make adequate arrangements for child care in his absence. *See In re Marriage of Loyd*, 131 Cal. Rptr. 2d 80, 84-85 (Ct. App. 2003) ("a parent may not be deprived of custody based upon his or her work schedule if adequate arrangements are made for the child's care in the parent's absence"); *Silva v. Silva*, 136 P.3d 371, 377 (Idaho Ct. App. 2006) (explaining that a parent's work schedule is only relevant if it is shown that the parent's work schedule affects the well-being of the children); *Gerber v. Gerber*, 487 A.2d 413, 416 (Pa. Super. Ct. 1985); *Brennan v. Brennan*, 685 A.2d 1104, 1106 (Vt. 1996). Additionally, it does not appear that the district court equally considered respondent's work schedule in determining custody.

Further, the district court's finding that appellant generally worked from 4 p.m. to 4 a.m., 5 days a week was not supported by substantial evidence because he testified that his work schedule could be as little as five hours a day for 3 days a week. *See Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007) (providing that substantial evidence is evidence that a reasonable person may accept as adequate to sustain a judgment). It also appears that the district court failed to consider which parent was more likely to foster a relationship between the three children and their adult half-sibling. NRS 125.480(4)(i) (2009). Because the district court's custody award relied on appellant's work schedule when there was no evidence that his work schedule impacted the well-being of the children or that he could not arrange adequate child care while he worked, and because the court failed to consider the children's relationship with their adult half-sibling, we conclude the court abused its

discretion by awarding primary physical custody to respondent. *Wallace*, 112 Nev. at 1019, 922 P.2d at 543. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:     Eighth Judicial District Court, Family Court Division, Department J
        Bailey Kennedy
        Kunin & Carman
        Eighth District Court Clerk

---

[1]Because we conclude that the district court abused its discretion in awarding respondent primary physical custody, we need not address the other issues raised on appeal.